UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Camilo Cisneros | § | |
| v. | § | Civil Action No. 1:19-cv-00075 |
| Bank of America, N.A., et al. | § | |

**REMOVAL NOTICE**

Bank of America, N.A. (**BANA**) removes the action Camilo Cisneros filed in state court to this court pursuant to 28 U.S.C. §§ 1332 and 1441.

### I.  STATEMENT OF THE CASE

On May 3, 2019, Mr. Cisneros filed suit in the 103rd Judicial District Court of Cameron County, Texas in the case styled *Camilo Cisneros v. Bank of America, N.A., et al.*, and assigned cause number 2019-DCL-02680-D.[1]  Mr. Cisneros brought this suit to prevent BANA from foreclosing a deed of trust against 626 Limon Lane, Brownsville, Texas 78521.[2]  He complains BANA did not provide him notice of his default and an opportunity to cure as required by the property code.[3]  Mr. Cisneros also alleges he submitted documents and made payments pursuant to a trial period plan, but BANA failed "to tender [a] permanent modification complying with HAMP rules."[4]

Basing on these allegations, Mr. Cisneros seeks injunctive relief preventing any foreclosure sale, unspecified actual damages of between $100,000 and $200,000, attorneys' fees, and costs.[5]  However, his petition does not identify any discernable cause of action.

---

[1] *See* ex. 1, plaintiff's orig. pet. & appl. for TRO & temp. inj. (**pet**.).
[2] *See* pet. §§ V(C), IX.
[3] *See* pet. §§ V(H) – (I).
[4] *See* pet. § VI(3).
[5] *See* pet. § X.

## II. BASIS FOR DIVERSITY JURISDICTION

The court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the real parties in interest are completely diverse and the amount in controversy exceeds $75,000. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Id*. at 84. Only the citizenship of the real parties in interest is considered for diversity jurisdiction purposes. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857-58 (5th Cir. 2003).

**A.   The real parties in interest are citizens of different states.**

Mr. Cisneros is a Texas citizen because that is where he is domiciled.[6] *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

BANA is a citizen of North Carolina because its articles of association establish its main office is located in Mecklenburg County, North Carolina. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.")

In addition to BANA, Mr. Cisneros also names Connie Cobb, the substitute trustee appointed pursuant to the deed of trust. Mr. Cisneros does not allege the citizenship of Ms. Cobb; however, even if she is a Texas citizen, her presence in this suit does not destroy diversity jurisdiction because she is a nominal party and/or fraudulently joined. *See Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 572 (5th Cir. 2004) (citing 28 U.S.C. §1446(b)).

**1.   The substitute trustee is a nominal party.**

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take

---

[6] *See* pet. § V(D).

into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *see also Corfield*, 355 F.3d at 857 ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").  "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted).  Determining "[w]hether a party is nominal does not depend on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant." *Eisenberg v. Deutsche Bank Trust Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011) (citing *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364, 366-67 (5th Cir. 2006)).  A "plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (holding no reasonable basis for predicting plaintiff's claims against substitute trustees would be successful in state court because only the rights of the banks were in dispute); *see also Eisenberg*, 2011 WL 2636135, at *4 (finding substitute trustees named solely in that capacity were nominal parties to a suit to enjoin foreclosure, and noting Texas Property Code section 51.007(e) expressly provides that dismissal of trustees does not prejudice a plaintiff's right to seek injunctive relief).

BANA is the only necessary defendant to this lawsuit in which Mr. Cisneros seeks to prevent foreclosure of the deed of trust and sale of the property.  In other words, a judgment against BANA would prevent it, or any substitute trustee (or other agent) acting on its behalf, from foreclosing the deed of trust and/or selling the property.  Similarly, the fact the injunctive relief requested by Mr. Cisneros, if, granted, might incidentally result in enjoining parties in addition to BANA does not

change the conclusion Ms. Cobb, in her capacity as the substitute trustee, is a nominal party. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10–cv–592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, J.) (holding injunctive relief which "might also incidentally result in an enjoining of [nominal parties] is not relevant for diversity jurisdiction purposes"). Because the substitute trustee is a nominal party, her presence in this suit cannot defeat diversity jurisdiction. *See Corfield*, 355 F.3d at 857 ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

### 2. The substitute trustee is improperly joined.

Even if the court determines the substitute trustee is more than a nominal party, her citizenship should still be disregarded because she has been improperly joined. A defendant establishes improper joinder by showing "there is no possibility of recovery by the plaintiff against an in-state defendant." *Armstrong v. Atlas-Telecom Services-USA, Inc.*, 562 F. Supp. 812, 816 (E.D. Tex. 2007) (citing *Smallwood*, 385 F.3d at 573) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003))). This showing is made either when the plaintiff's recovery against the non-diverse defendant is barred as a matter of law, or when the plaintiff would not produce sufficient evidence to sustain a finding necessary to recover against the non-diverse defendant. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004). The required "reasonable basis" exists only if there is a "factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). A "reasonable basis" is not merely a hypothetical one. *Id.* "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005).

Mr. Cisneros does not identify any facts capable of supporting a conclusion he might be able to recover against the substitute trustee. "[T]he Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors." *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x

274, 277 (5th Cir. 2014) (citing TEX. PROP. CODE § 51.07(f)). "[C]ourts have generally held that Section 51.007(f) imposes a substantive pleading element on a plaintiff that requires a plaintiff to allege bad faith on the part of the trustee." *Id.* (quoting *R & L Inv. Prop., LLC v. Green,* No. 3:12–CV–4171–O, 2014 WL 1807618, at *8 (N.D. Tex. May 6, 2014)). Mr. Cisneros "does not provide any allegations that [Ms. Cobb] was acting in bad faith, and therefore has no reasonable basis for recovery." *Id.*

### B. The amount in controversy exceeds $75,000.

When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. *See* 28 U.S.C. § 1446(c)(2). If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant seeking removal to prove the value of the plaintiff's claims. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In those instances, the removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement can be satisfied if the defendant shows "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* (citing *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen … a right to property is

called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

Mr. Cisneros' petition "seeks monetary damages of over $100,000."[7] In addition, the object of this litigation—the property—is currently valued at $78,062 by the Cameron County Central Appraisal District.[8] The amount in controversy exceeds $75,000 and the court may exercise diversity jurisdiction over this action.

### III.     PROCEDURAL REQUIREMENTS SATISFIED

Removal of this action is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days of BANA's receipt of the complaint, through service or otherwise. Ms. Cobb's consent is not necessary to this removal because she is not a real party in interest. *See Eisenberg*, 2011 WL 2636135, at *2 ("Nominal parties are not required to consent to removal under the unanimity rule") (citing *Acosta*, 452 F.3d at 379)); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Venue is proper in this court because the United States District Court for the Southern District of Texas, Brownsville Division, embraces the place in which the state court action was pending. 28 U.S.C. § 1441(a). Notice has been sent to the state court regarding the removal of this action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-5**.

### IV.     CONCLUSION

The court may exercise diversity jurisdiction over this action because the real parties in interest are completely diverse and, based on Mr. Cisneros' claims for relief, the amount in controversy exceeds $75,000.

---

[7] *See* pet. § II.
[8] *See* ex. 7, Cameron Central Appraisal District property search results.

Date: May 13, 2019

Respectfully submitted,

*/s/ C. Charles Townsend*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
charles.townsend@akerman.com
*Attorney in Charge*
Matthew W. Lindsey
SBN: 24071893, FBN: 1278191
matthew.lindsey@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT BANK OF AMERICA, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019, a true and correct copy of the foregoing was served as follows:

**VIA CERTIFIED MAIL RECEIPT**
**NO. 9414 7266 9904 2124 3101 90**
**AND U.S. MAIL**
Camilo Cisneros
626 Limon Lane
Brownsville, Texas 78521
*Pro se plaintiff*

*/s/ Matthew W. Lindsey*
Matthew W. Lindsey

**REMOVAL NOTICE**                                                                                                          **Page 7 of 7**
1:19-cv-00075; *Camilo Cisneros v. Bank of America, N.A., et al.*